# Commonwealth v. Robinson

Jason C. Glessner, assistant district attorney, for Commonwealth.

Christopher Brett, for defendant.

LUDGATE, J., December 1, 2009—

## I. FACTUAL AND PROCEDURAL HISTORY

On February 11, 2009, Derrick Robinson (the defendant) was charged by information with robbery, 18 Pa.C.S. §3701(a)(1)(iv), theft by unlawful taking or disposition, 18 Pa.C.S. §3921(a) and receiving stolen property, 18 Pa.C.S. §3925(a).

On September 2 and 3, 2009, the court held a jury trial. At trial, the Commonwealth presented the testimony of James Wynn. Wynn testified that on December 12, 2008, he was walking towards the YMCA on Washington Street in Reading, Berks County, while using his cell phone. (N.T., trial by jury, 9/2/2009-9/3/2009, p. 12.) Wynn walked past the defendant, whom Wynn recognized "from AA"; the defendant asked to use Wynn's cell phone; Wynn agreed and said "just don't make it long distance." (N.T., pp. 12-13, 16.) The defendant made a call and started to walk away, Wynn followed. (N.T.,

p. 13.) The defendant ended the call and offered to buy the phone for $100; Wynn said he was not selling the phone. (N.T., p. 13.) The defendant then put his hand under his shirt "like he had a gun" and said "this is my phone, you don't know who the [fuck] I am." (N.T., p. 14.) Wynn put his hands up; the defendant walked off towards Walnut Street; Wynn then entered the YMCA and called the police from the front desk. (N.T., p. 14.)

Wynn described the person who took his phone as a black male, with "a little goatee", sunken cheeks and one front tooth longer than the other. (N.T., p. 15.) Wynn identified the defendant as the person who took his phone. (N.T., p. 16.)

On January 10, 2009, Wynn was working at a Burger King restaurant on Center Avenue in Reading. (N.T., p. 17.) Wynn saw the defendant inside the Burger King and recognized him as the person who took his phone; Wynn then called Officer Robert Bowers. (N.T., pp. 17-18.) The defendant was arrested. (N.T., p. 19.)

On September 3, 2009 the defendant was found guilty of robbery, 18 Pa.C.S. §3701(a)(1)(iv), theft by unlawful taking or disposition, 18 Pa.C.S. §3921(a) and receiving stolen property, 18 Pa.C.S. §3925(a). On October 13, 2009, the defendant was sentenced to 15 months to five years incarceration in a state facility. The defendant filed a post-sentence motion through counsel on October 22, 2009, which was denied October 27, 2009.

On November 17, 2009, the defendant filed a notice of appeal through counsel. On November 19, 2009, this court ordered counsel for the defendant to file a concise statement of errors complained of on appeal within 21

days. On December 10, 2009, counsel timely filed the concise statement.

This opinion is written pursuant to Pa.R.A.P. 1925(a), and for the following reasons, this court respectfully requests the instant appeal be denied.

## II. ISSUES RAISED BY THE DEFENDANT

"Whether defendant's convictions are against the weight of the evidence when the complainant's identification of the defendant is unreliable in that (a) the male who took complainant's cell phone was someone who was not well known to complainant, (b) complainant testified that he thought he saw someone who matched the description of the male who took his cell phone on a street in Reading, but did not notify police, (c) complainant's identification at Burger King restaurant took place nearly one month after the robbery of his cell phone."

## III. ANALYSIS

### Weight of the Evidence

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. McCloskey,* 835 A.2d 801, 809 (Pa. Super. 2003). "A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to support the verdict, but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Davis,* 799 A.2d 860, 865 (Pa. Super. 2002). Whether a

new trial should be granted on grounds that it is against the weight of the evidence is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.* In determining whether the verdict is against the weight of the evidence, the role of the trial court is to determine whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Widmer,* 560 Pa. 308, 320, 744 A.2d 745, 752 (2000). (citations omitted) Stated more concisely, the verdict should not be disturbed unless it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Miller,* 555 Pa. 354, 367, 724 A.2d 895, 901 (1999).

The factors enumerated by counsel as to why Mr. Wynn's identification of the defendant was unreliable were elicited on cross-examination and argued to the jury. (N.T., pp. 20-30, 57-63.) However, the jury, as finder of fact, found credible the evidence and testimony presented by the Commonwealth. This court does not find that the jury's verdict in this case was so contrary to the weight of the evidence that is shocks its sense of justice.

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied.